IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 3, 2003

## STATE OF TENNESSEE v. DOUGLAS LEE OVERALL

**Appeal from the Circuit Court for Tipton County**
**No. 4138     Joseph H. Walker, Judge**

---

**No. W2002-01954-CCA-R3-CD  - Filed September 23, 2003**

---

The defendant, Douglas Lee Overall, was convicted by a Tipton County Circuit Court jury of aggravated kidnapping, a Class B felony; aggravated assault, a Class C felony; and possession of drug paraphernalia, a Class A misdemeanor.  The trial court sentenced him to concurrent sentences of twelve years for the aggravated kidnapping conviction, twelve years for the aggravated assault conviction, and eleven months, twenty-nine days for the possession of drug paraphernalia conviction. The defendant appeals, claiming that the evidence is insufficient to support his convictions.  We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which DAVID G. HAYES and JAMES CURWOOD WITT, JR., JJ., joined.

Clifford K. McGown, Jr., Waverly, Tennessee (on appeal), and Gary F. Antrican, District Public Defender and David S. Stockton, Assistant Public Defender (at trial), for the appellant, Douglas Lee Overall.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Colin A. Campell, Assistant District Attorney General, for the appellant, State of Tennessee.

### OPINION

This case relates to the defendant's conduct toward George Harper on January 29, 2001.  At trial, Officer Larry Ham testified he was on patrol for the Covington Police Department and was attempting to serve an arrest warrant on an individual believed to be at Mr. Harper's residence. Officer Ham stated he had been to Mr. Harper's residence the previous night and saw that Mr. Harper looked normal.  On the afternoon of January 29, 2001, Officer Ham arrived at Mr. Harper's residence, and Mr. Harper opened the door.  Officer Ham said Mr. Harper's appearance "was very bloody, as if he had been beaten."  He said he asked Mr. Harper what happened and why he had not

called the police. He said Mr. Harper responded that he was not able to call the police. Officer Ham said he then asked if the individual who had harmed Mr. Harper was still at the residence. He said Mr. Harper nodded affirmatively. He stated that upon entering the residence, he saw blood, a hammer, knives, and severed electrical cords scattered throughout the house. He said he found the defendant in the back room and that the defendant appeared normal, having no visible injuries. He said that when he searched the defendant, he found two crack pipes in the defendant's front right pocket. He said he arrested the defendant and left the residence in the same condition until Investigator Allen Wilson arrived. On cross-examination, Officer Ham said the defendant never talked to him. He stated that no crack cocaine was found at the residence.

Investigator Allen Wilson of the Covington Police Department testified that he arrived at Mr. Harper's residence at approximately 4:40 p.m. on January 29, 2001. He said the residence was in disarray and blood was on the doorway. He said he found a hammer in the living room. He said he found two cords, one from a fan and the other from a lamp at the residence. He said he found a knife with duct tape around the handle. He said he also found a belt in the living room. He said he took pictures of Mr. Harper's bloody sock, bruised knee, hands, and neck, which appeared to have rope burns around them. He stated he also took pictures of Mr. Harper's head, which had a gash and a dent. On cross-examination, he acknowledged not checking for fingerprints on the hammer, the knife, or the crack pipes found on the defendant because the defendant and Mr. Harper were the only two persons found in the house.

Mr. Harper testified that on the evening of January 28, 2001, the defendant struck him with a hammer as Mr. Harper was leaving the bathroom. He said that there was no provocation and that he did not know why the defendant struck him. He said he then lost consciousness. He stated that when he regained consciousness, he was immobilized with his arms and legs tied together behind his back and had duct tape across his mouth. He said the defendant beat him with a lamp and a hammer while he was unable to move. He said the defendant also urinated on him several times. He said that the following afternoon, he heard the police arrive after an alarm had sounded in the neighborhood. He said the defendant then removed the binding and duct tape and told him that he would kill everyone if he told the police anything. On cross-examination, Mr. Harper said he and the defendant had smoked crack and marijuana the night before the incident took place.

The defendant testified that he and Mr. Harper had been smoking crack cocaine from January 25, 2001, through January 28, 2001. He said that they began arguing over a stolen tractor and that Mr. Harper picked up the hammer. The defendant said he then hit Mr. Harper with a statue that was on a couch to prevent Mr. Harper from hitting him with the hammer. He said he hit Mr. Harper a second time with a second statue to keep Mr. Harper from getting off the floor. He said he was afraid Mr. Harper would overpower him if he allowed him to get up. He said he then tied up Mr. Harper because he did not want to go to jail. He said that while Mr. Harper was restrained, he hit him once in the leg with the hammer because he knew he would go to jail for this incident and that made him angry.

On cross-examination, he said he did not think he had the energy to leave the house after hitting Mr. Harper with the first statue. He stated he believed that Mr. Harper would catch him if he did not tie up Mr. Harper. He stated he did not leave after tying up Mr. Harper because he knew he would go to jail when Mr. Harper called the police. He also stated that he owned one of the two crack pipes and Mr. Harper owned the other. He said he had both pipes when the police arrived because he was trying to smoke the residue while he had Mr. Harper restrained. He said he released Mr. Harper two hours before the police arrived. The jury found the defendant guilty of aggravated kidnapping, aggravated assault, and possession of drug paraphernalia.

The defendant contends that the evidence is insufficient to support his aggravated kidnapping conviction. Specifically, he argues the state failed to prove the elements of aggravated kidnapping because there is no testimony that the hammer was used during the kidnapping. Furthermore, the defendant claims the jury should have accredited his testimony regarding self-defense because he demonstrated through his statements that Mr. Harper was the aggressor. The state claims the evidence is sufficient. We agree with the state.

Our standard of review when the defendant questions the sufficiency of the evidence on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). We do not reweigh the evidence but presume that the jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the state. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Questions about witness credibility were resolved by the jury. See State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997).

One commits aggravated kidnapping by falsely imprisoning another while the defendant is in possession of a deadly weapon or threatens the use of a deadly weapon. Tenn. Code Ann. § 39-13-304(a)(5). False imprisonment is the unlawful and knowing removal or confinement of another "so as to interfere substantially with the other's liberty." Tenn. Code Ann. § 39-13-302.

We believe that the evidence is sufficient to support a conviction for aggravated kidnapping. The evidence shows that the defendant used a hammer to incapacitate Mr. Harper which enabled the defendant to tie Mr. Harper's arms and legs together with electrical cords. Furthermore, the defendant admits to striking Mr. Harper with the hammer while Mr. Harper's arms and legs were tied together. Thus, the evidence shows that the defendant falsely imprisoned the victim while in possession of a deadly weapon. We recognize that the defendant's testimony conflicts with Mr. Harper's statements. The jury, however, chose to believe the victim's testimony. Therefore, viewed in the light most favorable to the state, the evidence is sufficient. As to the defendant's claim that the jury failed to credit his claim of self-defense, the jury also chose to accredit the state's theory of the aggravated assault offense as is its prerogative.

Based upon the foregoing and the record as a whole, we affirm the judgments of conviction.

_____
JOSEPH M. TIPTON, JUDGE